IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| *BRIANNA SHEPARD* )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>*EATON CORPORATION* )<br>)<br>Defendant. )<br>) | Case No.<br><br><br><br>**JURY TRIAL DEMANDED** |

### NOTICE OF REMOVAL

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Eaton Corporation ("Eaton") with a full reservation of any and all rights, claims, and defenses of any nature whatsoever, including, but not limited to objections to service, venue, and statute of limitations, hereby removes the above-captioned action from the Court of Common Pleas in Philadelphia County, Commonwealth of Pennsylvania (Case No.: 260100288), to the United States District Court for the Eastern District of Pennsylvania. In support of its removal, this Defendant states as follows:

### PROCEDURAL BACKGROUND

1. On January 5, 2026, Plaintiff Brianna Shepard ("Plaintiff") filed a Petition against Eaton alleging two counts sounding in product liability, as set forth in greater detail in Plaintiff's Original Complaint filed in the Court of Common Pleas in Philadelphia County, Case No. 260100288 (Exhibit A, Plaintiff's Original Complaint (hereinafter "Complaint")).

2. Eaton was served the Summons and Complaint on January 5, 2026. As such, Eaton has filed its Notice of Removal within thirty days after Plaintiff's service of process, in compliance with 28 U.S.C. § 1446(b)(1).

3. A defendant may remove an action to federal court if the federal court has original jurisdiction over the action. 28 U.S.C. § 1441. Federal diversity jurisdiction under 28 U.S.C. § 1332(a)(1) requires "complete diversity meaning that no plaintiff can be a citizen of the same state as any of the defendants." *Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337, 346 (3d Cir. 2013) (internal quotations omitted).

4. As set forth more fully below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because (i) the Court has original jurisdiction under 28 U.S.C. § 1332 and (ii) Defendant has satisfied the procedural requirements for removal.

### I. THE PARTIES ARE DIVERSE AND THE AMOUNT-IN-CONTROVERSY REQUIREMENT IS SATISFIED

5. This Court has original jurisdiction over this matter under 28 U.S.C. § 1332 because it is a civil action between citizens of different states in which the amount in controversy exceeds $75,000, exclusive of interest and costs. Thus, this action may be removed to this Court pursuant to 28 U.S.C. § 1441.

6. Plaintiff is an individual domiciled in Philadelphia, Pennsylvania. (Plaintiff's Complaint ¶ 1).

7. Consequently, for the purposes of asserting diversity jurisdiction, Plaintiff is a citizen of the state of Pennsylvania.

8. Eaton is an Ohio Corporation with its principal place of business in the state of Ohio.

9. Consequently, for the purposes of asserting diversity jurisdiction, Eaton is a citizen of the state of Ohio.

10. Thus, in accordance with 28 U.S.C. § 1332(a)(1), complete diversity of citizenship exists because the parties are citizens of different states. Furthermore, this action is

removable because Eaton is not a citizen of the Commonwealth of Pennsylvania, the state in which this action was commenced. *See* 28 U.S.C. § 1441(b)(2).

11. Plaintiff has alleged damages totaling $186,362.78. *See* Complaint, ¶ 18. The amount in controversy requirement is thus satisfied by Plaintiff's own allegations. *See,* 28 U.S.C. § 1446(c)(2).

## II. EATON HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL

12. This Notice of Removal is timely pursuant to 28 U.S.C. §§ 1441 and 1446, as it is being filed within thirty days after the service of the Summons and Complaint upon Eaton. *See* 28 U.S.C. § 1446(b)(1). *See also*, Exhibit B.

13. Eaton's Notice of Removal is properly directed to this Court pursuant to 28 U.S.C. § 1446(a) as the United States District Court for the Eastern District of Pennsylvania embraces the Court of Common Pleas in Philadelphia County, Commonwealth of Pennsylvania, where Plaintiff has brought this action. *See also,* 28 U.S.C § 118(a) (defining the counties included in the eastern district of Pennsylvania).

14. As required by 28 U.S.C. § 1446(a), Eaton encloses herewith "a copy of all process, pleadings, and orders served upon [Eaton]." (*See* Exhibits A and B, Complaint and Affidavit of Service).

15. Pursuant to 28 U.S.C. § 1446(d), Eaton has filed a written notice of this removal with the clerk of the Court of Common Pleas in Philadelphia County, Commonwealth of Pennsylvania, where Plaintiff's action originated, and serving copies of this Notice of Removal and the written notice of same on all counsel of record. (*See* Exhibit C, Notice of Filing Notice of Removal).

16. Removal of this case is just and proper. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. §1332(a) because there is complete diversity of citizenship between the parties, and the amount in controversy, exclusive of interests and costs, exceeds the sum of $75,000. Accordingly, this action is properly removed to this Court pursuant to 28 U.S.C. § 1441.

WHEREFORE, Eaton Corporation hereby removes this action to this Court from the Court of Common Pleas in Philadelphia County, Commonwealth of Pennsylvania, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

**RICCI TYRRELL JOHNSON & GREY**

By: */s/ Karen M. Davis, Esquire*
William J. Ricci, Esquire
ID No. 27708
Karen M. Davis, Esquire
ID No. 331988
1515 Market Street, Suite 1800
Philadelphia, PA 19102
215-320-3260 (phone)
BRicci@RTJGLaw.com
KDavis@RTJGLaw.com

AND

Jonathan T. Barton (*Pro Hac Vice Pending*)
Adam Renfro (*Pro Hac Vice Pending*)
STANTON | BARTON, LLC.
8000 Maryland Ave, Ste 450
St. Louis, MO 63105
Phone: (314) 455-6500
Facsimile: (314) 455-6524
jbarton@stantonbarton.com
arenfro@stantonbarton.com

*Attorneys for Eaton Corporation.*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing was sent this 3rd day of February 2026 to all counsel of record.

/s/ *Karen M. Davis*