Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

For Prothonotary Use Only (Docket Number)

**JANUARY 2026**    00288

E-Filing Number: 2601002613

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| BRIANNA SHEPARD | EATON CORPORATION |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 107 N. 58TH ST. PHILADELPHIA PA 19139 | EATON CENTER 1000 EATON BOULEVARD CLEVELAND OH 44122 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | |

EXHIBIT A

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 1 | 1 | [X] Complaint  [ ] Petition Action  [ ] Notice of Appeal  [ ] Writ of Summons  [ ] Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | | |
|---|---|---|---|---|
| [ ] $50,000.00 or less  [X] More than $50,000.00 | [ ] Arbitration  [X] Jury  [ ] Non-Jury  [ ] Other: | [ ] Mass Tort  [ ] Savings Action  [ ] Petition | [ ] Commerce  [ ] Minor Court Appeal  [ ] Statutory Appeals | [ ] Settlement  [ ] Minors  [ ] W/D/Survival |

CASE TYPE AND CODE

2P - PRODUCT LIABILITY

STATUTORY BASIS FOR CAUSE OF ACTION

RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER)

FILED
PRO PROTHY
JAN 05 2026
S. RICE

IS CASE SUBJECT TO COORDINATION ORDER?
YES    NO

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: BRIANNA SHEPARD

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| STEVEN J. PAYNE | 301 E. GERMANTOWN PIKE 3RD FLOOR EAST NORRITON PA 19401 |

| PHONE NUMBER | FAX NUMBER | |
|---|---|---|
| (215)206-1912 | (215)383-0082 | |

| SUPREME COURT IDENTIFICATION NO. | E-MAIL ADDRESS |
|---|---|
| 90816 | spayne@delucalevine.com |

| SIGNATURE OF FILING ATTORNEY OR PARTY | DATE SUBMITTED |
|---|---|
| STEVEN PAYNE | Monday, January 05, 2026, 09:38 am |

FINAL COPY (Approved by the Prothonotary Clerk)

de LUCA LEVINE LLC
BY:  RAYMOND E. MACK, ESQUIRE
PA ATTORNEY I.D. No.: 91815
rmack@delucalevine.com
BY:  STEVEN J. PAYNE, ESQUIRE
PA ATTORNEY I.D. No.: 90816
spayne@delucalevine.com
301 E. GERMANTOWN PIKE, 3rd FLOOR
EAST NORRITON, PA 19401
 (215) 383-0081

ATTORNEYS FOR PLAINTIFF



| | |
|---|---|
| **BRIANNA SHEPARD**<br>107 N. 58th St.<br>Philadelphia, PA  19139<br><br>                **Plaintiff,**<br><br>    v.<br><br>**EATON CORPORATION**<br>Eaton Center<br>1000 Eaton Boulevard<br>Cleveland, OH  44122<br><br>                **Defendant.** | COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY, PA<br><br>CIVIL ACTION NO.:<br><br>JURY TRIAL DEMANDED |

## NOTICE TO DEFEND

      You have been sued in Court.  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the Court your defenses or objections to the claims set forth against you.  You are warned that if you fail to do so, the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the Plaintiffs.  You may lose money or property or other rights important to you.

      YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

Case ID: 26010028

## AVISO

      Le han demandado a usted en la corte. Si used quiere defenderse de estas demandas expuestas en las paginas siquientes, used tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objectiones a las demandas en contra de su persona. Sea avisado qui si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder.

      LLEVE ESTA DEMANDA A UN ABOGADO IMMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO. VAYA EN PERSONA O LLAMEPOR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PURDE CONSEQUIR.

**Philadelphia Bar Association**
**Lawyer Referral and Information Service**
**One Reading Center**
**Philadelphia, PA 19107**
**(215) 238-6333**

Case ID: 26010028

| | |
|---|---|
| de LUCA LEVINE LLC<br>BY:  RAYMOND E. MACK, ESQUIRE<br>PA ATTORNEY I.D. No.: 91815<br>rmack@delucalevine.com<br>BY:  STEVEN J. PAYNE, ESQUIRE<br>PA ATTORNEY I.D. No.: 90816<br>spayne@delucalevine.com<br>301 E. GERMANTOWN PIKE, 3rd FLOOR<br>EAST NORRITON, PA 19401<br>(215) 383-0081 | **ATTORNEYS FOR PLAINTIFF** |
| **BRIANNA SHEPARD**<br>107 N. 58th St.<br>Philadelphia, PA  19139<br><br>           **Plaintiff,**<br><br>     v.<br><br>**EATON CORPORATION**<br>Eaton Center<br>1000 Eaton Boulevard<br>Cleveland, OH  44122<br><br>           **Defendant.** | **COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY, PA**<br><br>**CIVIL ACTION NO.:**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff, by and through undersigned counsel, hereby demands Judgment against the above-named Defendant, and by way of Complaint avers as follows:

### PARTIES

1.  Plaintiff Brianna Shepard is an adult individual who at all times relevant was the owner and occupant of a row home and property at 107 N. 58th Street, Philadelphia, Pennsylvania (the "subject property").

2.  Defendant, Eaton Corporation (hereinafter "Eaton"), is upon information and belief a business corporation organized and existing under the laws of the State of Ohio, with a principal place of business at the captioned address.

Case ID: 26010028

3. At all times relevant hereto, Defendant, Eaton Corporation, was in the business of designing, manufacturing, assembling, testing, inspecting, marketing, branding, distributing and selling electrical equipment, including the "Cooper" 120-volt duplex electrical outlet at issue in this case.

4. Alternatively, Defendant Eaton Corporation is liable for defective and negligently manufactured products manufactured by companies which are now wholly-owned subsidiaries of Eaton, including the former Cooper Industries. Eaton Corporation is the successor company to Cooper Industries.

## FACTS

5. Plaintiffs incorporate by reference the foregoing paragraphs as though set forth herein at length.

6. Prior to January 12, 2024, Defendant, acting through its subsidiaries, predecessors and agents, designed, manufactured, tested, inspected, distributed, marketed, assembled, branded, sold and placed into the stream of commerce "Cooper" 120-volt duplex receptacles, including the receptacle at issue, with component parts, said products being intended for use by consumers for the ordinary purpose associated with electrical receptacles.

7. Prior to January 12. 2024, the subject Cooper electric receptacle (or "outlet") was installed in a wall in the kitchen of the subject property.

8. Prior to January 12, 2024, Plaintiffs used the subject electric receptacle in a foreseeable, normal, ordinary, and intended manner.

9. On or about January 12, 2024, the subject receptacle dangerously malfunctioned and started a fire, as a result of design and/or manufacturing defect(s).

10. The dangerous malfunction of Defendants' product, with the resulting fire and

efforts to extinguish the fire, caused substantial damage to Plaintiffs' real and personal property.

11. The fire, smoke and water used to extinguish the fire caused substantial damage to Plaintiff's real and personal property, as well as temporary living and other associated and necessary expenses, in an amount totaling at least $186,362.78.

12. At all times material, the subject electrical receptacle, which was designed, manufactured, tested, inspected, distributed, marketed, assembled, branded, sold and placed into the stream of commerce by Defendant or its predecessor, was not modified, changed altered or abused by Plaintiff or other users at the property at any time.

13. The subject receptacle was manufactured to use "stab connections", which are a known hazard in the industry. The receptacle failed at a stab connection.

14. At all times material, Defendant knew and intended that its electrical receptacle would be used by members of the general public, and knew of the specific uses, purposes and requirements for which said receptacle would be utilized.

15. Defendant designed, manufactured, tested, inspected, distributed, marketed, assembled, branded, sold and placed into the stream of commerce the aforesaid electrical receptacle, including its component parts, in a dangerous defective condition, which catastrophically malfunctioned and failed due to design and/or manufacturing defects.

16. The sudden and damaging fire resulted from a malfunction of Defendants' product caused by a design or manufacturing defects that existed since the product left Defendant's control.

17. As a direct and proximate result of the dangerous malfunction and fire, Ms. Shepard sustained and incurred damage to her real and personal property, and incurred other consequential and incidental damages including clean-up costs, repair, and other related and

necessary expenses. Further, the fire damage forced her family to vacate the property for an extended period of time while the home was repaired.

19. As a result of the fire described above, which was caused by Defendants' defective "Cooper" 120-volt duplex electrical receptacle, Plaintiff sustained damage to her real and personal property and additional hardships besides, in an amount of at least $186,362.78.

## COUNT I – STRICT LIABILITY
## PLAINTIFF v. EATON CORPORATION

19. Plaintiff incorporates herein by reference the preceding averments as though set forth at length.

20. At all times material hereto, Defendant, Eaton Corporation, by itself and through its predecessors, was engaged in the business of designing, manufacturing, testing, inspecting, distributing, marketing, assembling, branding, selling and placing into the stream of commerce "Cooper"-branded electrical receptacles, and specifically designed, manufactured, tested, inspected, distributed, marketed, assembled, sold and placed into the stream of commerce the receptacle at issue in this case.

21. The electrical receptacle, which was designed, manufactured, tested, inspected, distributed, marketed, assembled, branded, sold and placed into the stream of commerce by Defendant and its predecessors, was not modified, changed, altered or abused by Plaintiff or other users at the subject property at any time.

22. Defendant, Eaton, knew and intended that its electrical receptacles would be used by members of the general public, and knew of the specific uses, purposes and requirements for which said receptacles would be utilized.

23. Defendant Eaton and its predecessors designed, manufactured, tested, inspected, distributed, marketed, assembled, branded, sold and placed into the stream of commerce the

receptacle, including its component parts, in a dangerous defective condition, which dangerously malfunction and catastrophically failed due to manufacturing and/or design defects.

24. Defendant Eaton and its predecessors designed, manufactured, tested, inspected, distributed, marketed, assembled, branded, sold and placed into the stream of commerce the subject electrical receptacle electrical receptacle, including its component parts, in a defective condition, unreasonably dangerous to Plaintiff and her property.

25. Defendant, Eaton, knew or should have known that the electrical receptacle would, and did, reach users without substantial change in the condition in which it was originally selected and sold.

26. The receptacle was not materially altered in any way, which would affect the dangerous conditions caused and created by Defendant.

27. Ms. Shepard and her family operated the receptacle in a normal, ordinary and intended matter and purpose at all times prior to the damaging fire of January 12, 2024.

28. The fire and damage to Plaintiff's property was caused by and/or resulted from the acts and/or omissions of Defendant, Eaton, by and through its agents, servants, employees, predecessor companies and/or representatives, acting within the course and scope of its employment and/or authority for which Defendant, Eaton is liable to Plaintiff based upon the theory of strict liability for the following reasons:

    a. failing to design, manufacture, inspect, assemble, distribute, sell, and/or market a properly functioning and defect-free electrical receptacle, which after reasonable and foreseeable use malfunctioned and/or catastrophically failed;

    b. failing to properly design, manufacture, inspect, assemble, distribute, sell, and/or market the electrical receptacle free from defects;

c. failing to properly determine that the electrical receptacle, including its various internal components were not in a safe condition and free of all material defects, which after reasonable and foreseeable use malfunctioned and/or catastrophically failed;

d. designing, manufacturing, inspecting, assembling, distributing, selling, and/or marketing the electrical receptacle when they knew or should have known that the electrical receptacle was unsafe and unfit for its intended use;

e. designing, manufacturing, inspecting, assembling, distributing, selling, and/or marketing the electrical receptacle when it knew or should have known that the electrical receptacle would be inadequate for the reasons for which it was purchased;

f. designing, manufacturing, inspecting, assembling, distributing, selling, and/or marketing the electrical receptacle which was unreasonably dangerous, causing the electrical receptacle to catastrophically fail and/or malfunction;

g. designing, manufacturing, inspecting, assembling, distributing, selling, and/or marketing an unreasonably dangerous and defective electrical receptacle that Defendant knew or reasonably should have known exposed users, such as Plaintiff to an unreasonable risk of harm;

h. failing to properly and adequately design, manufacture, inspect, assemble, market, sell, distribute and/or test the electrical receptacle and its components, prior to introducing it into the stream of commerce;

i. failing to provide adequate and sufficient warnings and instructions with respect to the electrical receptacle, which rendered it defective and unreasonably dangerous;

j. designing, manufacturing, inspecting, assembling, distributing, selling, and/or marketing the electrical receptacle in a defective condition because its internal components failed and/or malfunctioned rendering it hazardous and dangerous for its contemplated and intended use;

k. designing, manufacturing and distributing a dangerously defective electrical receptacle, including its component parts, that Defendant knew or reasonably should have known exposed users, such as Plaintiff to an unreasonable risk of harm because its component parts, including, but not limited to its thermal protection device and/or other safety devices could fail

in an unsafe manner;

l.  designing, manufacturing, inspecting, assembling, distributing and/or marketing the electrical receptacle in a defective condition because its thermal protection device and/or other safety devices catastrophically failed and/or malfunctioned resulting in a fire;

m. designing, manufacturing, inspecting, assembling, distributing, selling, and/or marketing the electrical receptacle in a defective condition because its internal components failed or malfunctioned in a catastrophic fire condition;

n.  the electrical receptacle is an unreasonably dangerous product one that is dangerous to an extent beyond that which would be contemplated by the ordinary consumer who purchases it, with the ordinary knowledge common to the community of its characteristics;

o.  the electrical receptacle is an unreasonably dangerous because the probability of injury times the gravity of injury under the current product design is more than the cost of an alternative reasonable design plus the diminished utility resulting from modifying the design;

p.  designing, manufacturing, inspecting, assembling, distributing, selling, and/or marketing the electrical receptacle in an unreasonably dangerous manner because its component parts generated excessive heat that negatively affected the electrical receptacle's thermal protection devices and/or safety devices;

q.  designing, manufacturing, inspecting, assembling, distributing, selling, and/or marketing the electrical receptacle in a defective condition because the components failed to properly function and/or operate during reasonable and intended usage;

r.  improperly designing, manufacturing, assembling or installing component parts in the electrical receptacle;

s.  designing, manufacturing, inspecting, assembling, distributing, selling, and/or marketing the electrical receptacle without the proper fire inhibitors for critical items within the electrical receptacle to reduce secondary fuel loads;

t.  common experience teaches that the fire would not have occurred in the electrical receptacle in the absence of a defect;

u.  the foreseeable risks associated with the design of the electrical

receptacle exceed all benefits;

v. malfunction of the electrical receptacle and it component parts;

w. failing to adequately inform and warn purchasers and ultimate users of the electrical receptacle's high propensity for instability to produce heat, ignite, and/or cause fires; and,

x. failing to adequately inform and warn purchasers and ultimate users of the electrical receptacle's propensity for instability and failure resulting in fires.

29. The aforementioned material and/or latent defects or defective conditions existed at the time the electrical receptacle left the possession and/or control of Defendant, Eaton.

30. The electrical receptacle did not perform as safely as an ordinary consumer would have expected it to perform when used in a reasonably foreseeable way.

31. Further, a reasonable person would conclude that the possibility and seriousness of harm outweighs the burden or cost of making the electrical receptacle safe.

32. The defective, unreasonably dangerous and unsafe condition of the electrical receptacle as aforesaid was a direct and proximate cause of the damages sustained by Plaintiffs.

33. For these reasons, Defendant, Eaton, is strictly liable to Plaintiffs under Section 402A of the Restatement (2d) of Torts and the applicable caselaw of the Commonwealth of Pennsylvania.

34. As a direct and proximate result of the aforementioned defects, Plaintiff sustained and incurred severe damage to her real and personal property, and had to vacate the home with her family for a reasonable period of time while it was repaired, and caused other consequential and incidental damages including clean-up costs, debris removal, and other associated expenses.

**WHEREFORE,** Plaintiff respectfully requests Judgment against Defendant, Eaton Corporation, in an amount of at least $186,362.78, plus costs incident to this suit, interest, delay

damages and for such other relief as this Honorable Court shall deem appropriate under the circumstances.

### COUNT II – NEGLIGENCE
### PLAINTIFF v. EATON CORPORATION

35. Plaintiff incorporates by reference herein the preceding averments as though set forth at length.

36. At all times material hereto, Defendant, Eaton, owed a duty to consumers and users of its products, like Plaintiff, to use reasonable care in the way it designed, manufactured, assembled, tested, marketed, branded, and distributed, *inter alia*, electrical receptacles, including the electrical receptacle at issue in this case.

37. At all times material hereto, Eaton knew or should have known of the foreseeable risk of fire injuries inherent in its electrical receptacles, including the electrical receptacle at issue here.

38. Defendant, Eaton, breached the duty of care it assumed to consumers and was negligent and careless in designing, manufacturing, assembling, testing, inspecting, marketing, branding, distributing, selling and placing into the stream of commerce the electrical receptacle in one or more of the following respects:

    a. carelessly and negligently failing to design, manufacture, inspect, assemble, distribute and/or market a properly functioning and defect-free electrical receptacle, which after reasonable and foreseeable use malfunctioned and/or catastrophically failed;

    b. carelessly and negligently failing to properly design, manufacture, inspect, assemble, distribute and/or market the electrical receptacle and its components free from defect;

    c. carelessly and negligently failing to properly determine that the electrical receptacle and its component parts were not in a safe condition and free of all material and latent defects, which after reasonable and foreseeable use catastrophically failed and/or

malfunctioned;

d. carelessly and negligently designing, manufacturing, inspecting, assembling, distributing and/or marketing the electrical receptacle when it knew or should have known that the electrical receptacle was unsafe and unfit for its intended use;

e. carelessly and negligently designing, manufacturing, inspecting, assembling, distributing and/or marketing the electrical receptacle when they knew or should have known that the electrical receptacle would be inadequate for the reasons for which it was purchased;

f. carelessly and negligently designing, manufacturing, inspecting, assembling, distributing and/or marketing the electrical receptacle which had unreasonably dangerous components that caused the electrical receptacle to catastrophically fail and/or malfunction;

g. carelessly and negligently designing, manufacturing, inspecting, assembling, distributing and/or marketing a dangerously defective electrical receptacle that Defendant knew or reasonably should have known exposed users, such as Plaintiff to an unreasonable risk of harm;

h. carelessly and negligently failing to properly and adequately design, manufacture, inspect, assemble, market, sell, distribute and/or test the electrical receptacle, and its component parts, prior to introducing it into the stream of commerce;

i. carelessly and negligently failing to provide adequate and sufficient warnings and instructions with respect to the electrical receptacle, which rendered it defective and unreasonably dangerous;

j. carelessly and negligently designing, manufacturing, inspecting, assembling, distributing and/or marketing the electrical receptacle in a defective condition because the electrical receptacle did not contain proper safety features and/or devices rendering it hazardous and dangerous for its contemplated and intended use;

k. carelessly and negligently designing, manufacturing, inspecting, assembling, distributing and/or marketing the electrical receptacle in a defective condition because it did not contain the proper components, rendering it hazardous and dangerous for its contemplated and intended use;

l. carelessly and negligently designing, manufacturing and distributing a dangerously defective electrical receptacle including its component parts, that Defendant knew or reasonably should have known exposed users, such as Plaintiff to an unreasonable risk of harm because its component parts could fail in an unsafe manner;

m. carelessly and negligently designing, manufacturing, inspecting, assembling, distributing and/or marketing the electrical receptacle in a defective condition because its component parts catastrophically failed and/or malfunctioned resulting in a fire;

n. carelessly and negligently designing and/or manufacturing the electrical receptacle and its component parts in an unreasonably dangerous condition because the electrical receptacle's component parts failed to properly function and/or operate during reasonable and intended usage;

o. carelessly and negligently designing, manufacturing, assembling or installing component parts in the electrical receptacle;

p. carelessly and negligently failing to adequately inform and warn purchasers and ultimate users of the electrical receptacle's high propensity for instability to produce heat, ignite and/or cause fires;

q. carelessly and negligently designing, manufacturing, assembling, testing, inspecting, marketing, branding, distributing, selling and placing into the stream of commerce a product which lacked all necessary safety features to protect users of said product;

r. failing to adequately inform and warn purchasers and ultimate users of the electrical receptacle's propensity for instability and suffering a failure resulting in ignition and/or fire; and

s. failing to properly and adequately warn Plaintiff of the hazardous condition of the electrical receptacle.

39. Through the aforementioned actions, and/or omissions, Defendant, Eaton, acted negligently or carelessly, and is therefore liable to Plaintiff for the damages sustained.

40. As a direct and proximate result of the aforementioned negligence and careless conduct of Defendant, Eaton, Plaintiff sustained and incurred damage to her real and personal

Case ID: 26010028

property, and was forced to vacate the home with her family for a reasonable period of time until it was repaired, and caused other consequential and incidental damages including clean-up costs, repair, and other associated expenses in an amount totaling at least $186,362.78.

**WHEREFORE**, Plaintiff respectfully requests Judgment against Defendant, Eaton Corporation, in an amount of at least $186,362.78, plus costs incident to this suit, interest, delay damages and for such other relief as this Honorable Court shall deem appropriate under the circumstances.

BY: _____
RAYMOND E. MACK, ESQUIRE
STEVEN J. PAYNE, ESQUIRE
ATTORNEYS FOR PLAINTIFF
BRIANNA SHEPARD

Dated: January 5, 2026

Case ID: 26010028

## VERIFICATION

I, Phyllis Rodgers, under the penalties of perjury, state that I am a representative of Allstate Vehicle and Property Insurance Company, the real party in interest, that I am authorized to make this verification on behalf of Allstate, that I have read the Complaint; that I do not have, and am informed that no single officer or agent of Allstate has personal knowledge of all matters set forth in the Complaint; that the Complaint was prepared by counsel from information provided by myself and certain employees from Allstate who were designated to assemble such material and are based on their personal knowledge or that of other persons who were consulted and on examination of records maintained by Allstate during the regular course of business; and that upon information and belief the Complaint is true and correct to the best of my knowledge after due inquiry. This verification is made subject to the penalties of 18 Pa. C.S. Section 4904 relating to unsworn falsification to authorities.

DATE: January 2, 2026

*Phyllis Rodgers*

Phyllis Rodgers, an Authorized
Representative of Allstate Vehicle and
Property Insurance Company

Claim 0741870737
Shepard, Brianna

Case ID: 26010028